CHARLES C. BROKAW, RELATOR, v. WILLIAM F. BURK ET AL.

CHARLES W. DISBROW, RELATOR, v. WILLIAM F. BURK ET AL.

HARRY JOHNSTON, RELATOR, v. WILLIAM F. BURK ET AL.

Submitted March 16, 1916—Decided June 20, 1916.

1. The recognized legal method of testing the legality or propriety of the actions of the civil service commission in refusing to certify a pay-roll is by *mandamus* and not by *certiorari*.
2. Prosecutors were lawfully in the employ of the city as employes in the sterilization plant. When the sterilization plant was discontinued they were transferred to similar work at the filtration plant. They were afterwards removed from their position because of a ruling of the civil service commission. *Held*, that while the city commission had the power to transfer them to similar work in another place, or to abolish their position, subject to their right to have their names on a special list for reinstatement within two years, yet under the act of 1913, paragraph 4, section 4 (*Pamph. L., p.* 836), they could be removed only for cause, after a hearing.

On writs of *certiorari* in three cases, removing resolution of commissioners of Trenton removing prosecutors from their employment.

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutors, *Charles E. Bird.*

For the city of Trenton, *Henry M. Hartman.*

For the civil service commission, *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

MINTURN, J. These are three cases upon *certiorari* against the commissioners of the city of Trenton, involving the legality of a resolution dismissing the prosecutors, Brokaw, Disbrow and Johnston, from their positions as employes of that city, and also bringing up a "ruling" of the civil service commission with respect to the pay of prosecutors, in view of which ruling the resolution of dismissal was adopted. The three cases involve the same questions and can be disposed of together.

The Walsh act was adopted in Trenton June 20th, 1911. In December following the people of that city adopted the Civil Service act. The former act was approved April 25th, 1911, and the latter act April 10th, 1908. The civil service commission thereafter classified all the positions and offices in the city, among them the employes at the sterilization plant, who were designated as the "Labor Class."

Thereafter the director of the city commissioners, in charge of this plant, appointed the prosecutors, whose names were taken from the list prepared at the instance of the civil service commission.

The prosecutors continued to serve in their positions at the sterilization plant until the city completed its filtration plant, in October, 1914, when the prosecutors were placed at work upon it. Meanwhile, the civil service commission, on Sep-

tember 1st, 1914, had designated the employes upon the filtration plant as "Filtration Attendants," and placed them in the competitive class, and conducted an examination to fill the positions.

The city commissioners thereafter met with the civil service commissioners and attempted a solution of their difficulties, with the result that the prosecutors were retained by the city commissioners, and their names were regularly certified upon the payroll of the water department to the civil service commission, which body in turn certified the list to the city comptroller for payment until November, 1915, when the civil service commission refused longer to certify. Thereafter the civil service commission notified the director in charge of the works that the positions held by the prosecutors must be filled from the eligible list of "Filtration Attendants." This is the "ruling" brought up by the writ.

The prosecutors were then required, by resolution, to appear before the city commission and show cause why they should not be removed because of the civil service commission's ruling. The prosecutors, in writing, denied the power of the city commission to remove them upon the ground stated, and insisted they could be removed only for misconduct or delinquency.

The city commission thereafter, by resolution, dismissed them, and the writ brings that resolution also before us for review.

The Walsh act (*Pamph. L.* 1913, *p.* 836, ¶ 4, § 4) empowers the city commission to remove employes for cause, after a public hearing, in accordance with the Civil Service and Tenure of Office acts, where such acts have been adopted. We are not concerned with the legality or propriety of the action of the civil service commission in refusing to certify the payroll, since the recognized legal method of testing that posture of affairs is by *mandamus,* and not *certiorari.* As to the civil service commission, therefore, the present writs will be dismissed.

We are concerned only with the dismissal of the prosecutors, by the city commission, under the circumstances, and

it is manifest, under the express provisions of the act of 1913, page 836, paragraph 4, section 4, that the prosecutors could be removed "for cause only after a public hearing." "Cause," meaning in this instance, just cause. *Haight* v. *Love*, 39 *N. J. L.* 14.

At the time of the adoption of the Civil Service act these prosecutors were lawfully in the employ of the city, and, when the sterilization plant was discontinued, it was within the power of the city commissioners to transfer them to similar employment at another place, with the approval of the commission (*Comp. Stat., p.* 3803, § 23), or, in the discretion of the city commission, their positions could be abolished, which would entitle them under the act to have their names placed on a special list for reinstatement within two years to any similar position. *Comp. Stat., p.* 3804, § 23.

It is unnecessary to determine the legal *status* of the prosecutors under the provisions of the Civil Service act. It must suffice to state that they were legally appointed as city employes, and that while the city commission had the power to transfer them to similar work in another place, or to abolish their positions, subject to the above provisions, yet, under the act of 1913, paragraph 4, section 4, they could be removed only for cause, after a hearing, which right was not accorded them in this instance.

The resolution before us will therefore be set aside.